IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| David Brian Morgan,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Respondent. | **ORDER**<br><br>Case No. 1:25-cv-257 |

David Brian Morgan filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on November 17, 2025.[1] (Doc. 2). Morgan consented to the exercise of jurisdiction by a magistrate judge. (Doc. 4). This is Morgan's second attempt to invoke the jurisdiction of the District of North Dakota to review his March 30, 2011, state court conviction in Oklahoma District Court, Oklahoma County, State of Oklahoma.[2] See Morgan v. United States, No. 1:25-cv-022, Doc. 2 (D.N.D. Feb.18, 2025). Like his previous attempt, this case is transferred to the United States District Court for the Western District of Oklahoma.

Morgan was convicted by the Oklahoma District Court in Oklahoma County, State of Oklahoma, on March 30, 2011. (Doc. 2 at 1). He is serving a sentence at the Joseph Harp Correctional Center in Lexington, Oklahoma. Id. In his petition, Morgan claims a Fifth Amendment violation of the right to be indicted by a grand jury, a Sixth Amendment violation of the right to counsel, and a violation of the Supremacy Clause. Id. at 2-8. Morgan requests his state

---

[1] Morgan also asserts this court has jurisdiction under 28 U.S.C. § 1331 (federal question), § 1651 (writs), and § 2244(b)(1)-(2) (pertaining to successive § 2254 petitions for habeas corpus). (Doc. 2 at 1).

[2] It is unclear why the United States is named as a defendant when Morgan is in the custody of the State of Oklahoma.

sentence be vacated and the Oklahoma Department of Corrections be ordered to release him. Id. at 8.

A writ of habeas corpus under 28 U.S.C. § 2241 must be brought in the district where the petitioner is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995)) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated[.]"); see also United States v. Chacon-Vega, 262 Fed. Appx. 730, 731 (8th Cir. 2008) ("Further, a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated."). Morgan is confined in Lexington, Oklahoma, which is in the Western District of Oklahoma, under the custody of the Oklahoma Department of Corrections. Accordingly, this action should have been brought in the Western District of Oklahoma. Rather than dismissing, the Court finds transferring the case to the Western District of Oklahoma is the appropriate remedy.

Accordingly, the Court **ORDERS** this case to be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2025.

                                          */s/ Clare R. Hochhalter*
                                          Clare R. Hochhalter, Magistrate Judge
                                          United States District Court